```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                         WESTERN DIVISION

CLAVER J. SMITH                                         PLAINTIFF

VS.                          CIVIL ACTION NO: 5:10-cv-198-DCB-JMR

ALCORN STATE UNIVERSITY                                 DEFENDANT
```

## OPINION AND ORDER

This cause comes before the Court on Defendant Alcorn State University's ("Alcorn") Motion to Dismiss **(docket entry 3)** pursuant to Fed.R.Civ.P. 12(b)(6) and Motion for Summary Judgment pursuant to Fed.R.Civ.P. 56(c) **(docket entry 5).** Having carefully considered said Motions, applicable statutory and case law, and being otherwise fully advised in the premises, this Court finds and orders as follows:

### I.  FACTS AND PROCEDURAL HISTORY

Plaintiff, Claver J. Smith ("Smith"), was employed by the Defendant, Alcorn, as Resident Director of the Student Nurses Dormitory. Smith, who is 52 years old, began working for Alcorn in 1990. However, on June 30, 2009, Alcorn notified Smith that she would be terminated from her position.

Smith filed a claim alleging age discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 23, 2009. On August 23, 2010, the EEOC issued Smith a right-to-sue letter. On December 16, 2010, Smith filed the Complaint **(docket entry 1)** alleging Alcorn discriminated against her on the basis of age in violation of 29 U.S.C. § 621, the Age Discrimination in Employment

Act of 1967 ("ADEA").

In response, Alcorn filed the instant Motion to Dismiss asserting that it is entitled to immunity from suit under the Eleventh Amendment of the United States Constitution. Further, Alcorn filed a Motion for Summary Judgment asserting that Smith failed to file this civil action against Alcorn within 90 days of receiving a right-to-sue letter from the EEOC, therefore making Smith's civil action in this Court time-barred.

## II.   STANDARD FOR MOTION TO DISMISS

When considering a motion to dismiss under Rule 12(b)(6), the district court must accept all well-pleaded facts as true and view the facts in a light most favorable to the plaintiff. Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Supreme Court has stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(citations omitted). To have facial plausibility, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. at 1950 (citing Fed.R.Civ.P. 8(a)(2)).

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. at 546. Furthermore, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1914)(overruled on other grounds)).

### III. STANDARD FOR SUMMARY JUDGMENT

Summary judgment is apposite "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party." Ginsberg 1985 Real Estate P'ship v. Cadle Co., 39 F.3d 528, 531 (5th Cir. 1994) (citations omitted). The party moving for summary judgment bears the initial responsibility of apprising the district court of the basis for its

motion and the parts of the record which indicate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Summary judgment is properly rendered when the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

### IV. ANALYSIS

Alcorn asserts that it is an arm of the state and is entitled to immunity from suit in federal court under the Eleventh Amendment absent congressional abrogation or voluntary waiver. McGarry v. Univ. of Miss. Med. Ctr., 355 Fed. Appx. 853, 856 (5th Cir. 2009). Accordingly, this Court must determine: (i) whether Alcorn is an arm of the State, and (ii) whether there has been congressional abrogation under the ADEA or Alcorn has voluntarily waived its Eleventh Amendment immunity.

First, it is clear that Alcorn is an arm of the State. The Fifth Circuit has held that an entity is an arm of the state if it is a "state created political body, . . . and receives state funding." Whiting v. Jackson State Univ., 616 F.2d 116, 127 n.8 (5th Cir. 1980). Moreover, publicly funded universities are generally arms of the state. Stotter v. Univ. of Tex. at San Antonio, 508 F.3d 812, 821 (5th Cir. 2007). Indeed, this Court recently held that "Alcorn State University is an arm of the State

of Mississippi." Chestang v. Alcorn State Univ., 2011 WL 1884728, *4 (S.D. Miss. May 17, 2011); see also Meredith v. Jackson State Univ., 2010 WL 606402, *2 (S.D. Miss. February 17, 2010)(holding similar state supported institutions in Mississippi are arms of the State); see also Everhart v. Univ. of Miss., 695 F.Supp. 883 (S.D. Miss. 1988). Second, there has been neither Congressional abrogation in enacting the ADEA nor an explicit waiver of immunity by Alcorn as to that statute. Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 91 (2000)(holding that Congress did not abrogate the states' sovereign immunity in enacting the ADEA); McGarry, 355 Fed. Appx. at 856 (holding that Mississippi has not waived sovereign immunity with respect to the ADEA). Accordingly, this Court agrees with Alcorn that it is immune from suit under the Eleventh Amendment.

Alternatively, Alcorn requests that this Court grant summary judgment in its favor because Smith failed to file this civil action within 90 days of receipt of her right-to-sue letter from the EEOC. Plaintiffs in employment discrimination actions must exhaust administrative remedies before they can file suit in federal court. Taylor v. Books A Million, Inc., 296 F.3d 376, 378-79 (5th Cir. 2002). Once a right-to-sue letter is received, claimants have 90 days to file suit in federal court. Nilsen v. City of Moss Point, 674 F.2d 379, 381 (5th Cir. 1982). This 90-day limitations period is strictly construed. Taylor, 296 F.3d at 379.

Here, Smith properly filed her claim with the EEOC and it delivered a right-to-sue notice on August 23, 2010.  However, Smith did not file her complaint with this Court until December 16, 2011 — 116 days from receipt of the right-to-sue notice.  Smith asserts that she first filed the Complaint on November 23, 2010, but has submitted no evidence supporting this assertion.  Therefore, this Court finds that this action is time-barred.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Defendant's Motion to Dismiss and Motion for Summary Judgment are **GRANTED.**

**SO ORDERED**, this the 21st day of June, 2011.

 s/ David Bramlette
**UNITED STATES DISTRICT JUDGE**